IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CV-00093-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| $11,609.00 in U.S. Currency, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's motion to compel and for extension of the discovery period [DE-21]. Defendant did not respond, and the matter is ripe for decision.

On July 12, 2010, Plaintiff filed this forfeiture in rem action against $11,609.00 in U.S. Currency. The complaint alleged that the currency seized "was used, or intended to be used, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq., and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6)." Compl. ¶ 6 [DE-1]. On October 19, 2010, Jermaine Ebron ("Claimant") filed a claim stating that he was the true owner of the $11,609.00 seized by Plaintiff. [DE-7.] On November 4, 2010, Claimant filed an answer to the complaint and denied that the currency was related to drug trafficking. [DE-13.]

On March 21, 2011, Plaintiff served Claimant with its first set of interrogatories and request for production of documents. Plaintiff's discovery requests sought information about Claimant's criminal history, employment history, sources of income, assets, liabilities, financial institutions, and other information regrading his contention that the currency seized was not related to drug

trafficking. Claimant failed to respond to the discovery requests. On May 5 and 11, 2011, Plaintiff reserved the discovery on Claimant, and again Claimant failed to respond. On July 5 and 6, 2011, Plaintiff's counsel emailed Claimant's counsel regarding the lack of response to the discovery requests. Claimant's counsel responded that Claimant was "having some trouble gathering all the documents [] requested" and offered to send what he had and to continue gathering documents. Pl.'s Mem., Ex. C at 1 [DE-22-3]. It appears that Claimant provided some responsive documents, but failed to fully respond to the document requests and made no response to the interrogatories.

A party may move for an order to compel discovery responses if "a party fails to answer an interrogatory submitted under Rule 33" or "a party fails to respond that inspection will be permitted — or fails to permit inspection — as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii) & (iv). Interrogatories must be answered fully within 30 days unless a timely objection is stated, and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33 (b)(2)-(4). In response to document requests, a party must produce or permit inspection of the documents within 30 days or state an objection. Fed. R. Civ. P. 34(b)(2). It appears to the Court that Claimant has failed to make any objection to the requested discovery and has not fully responded to the interrogatories and document requests. Accordingly, Plaintiff's motion to compel is **GRANTED**, and Claimant shall respond to all outstanding discovery requests within **14 days** of the date of this order.

Plaintiff has also requested that the discovery deadline be extended in this case. The Court finds good cause to extend the discovery deadline to allow Claimant to comply with the Court's order and to allow Plaintiff to complete any additional discovery based on Claimant's responses. Therefore, discovery shall be completed no later than **November 30, 2011**, dispositive motions shall

2

be filed no later than **December 30, 2011**, and the trial of this matter shall be continued to Senior District Judge James C. Fox's **May 14, 2012** term of court.

The Court further notes that **failure to comply with this discovery order may result in sanctions, which may including striking Claimant's claim and answer, pursuant to Rule 37(b)(2)(A) and (d)(1).**

This the  19th  day of October, 2011.

_____
DAVID W. DANIEL
United States Magistrate Judge